**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00265-GMN-CWH-1 |
| vs. ) | |
| ) | **ORDER** |
| PASTOR FAUSTO PALAFOX, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Pastor Fausto Palafox's ("Defendant") Objection, (ECF No. 1401), to the Honorable Magistrate Judge Carl W. Hoffman's ("Judge Hoffman") Order, (ECF No. 1379), striking Defendant's Motion to Strike the Special Sentencing Factor Alleged in Paragraph 9 of the Indictment, (ECF No. 1363). The Government filed a Response, (ECF No. 1420). For the reasons discussed below, Defendant's Objection is **SUSTAINED in part** and **OVERRULED in part**.

# I. BACKGROUND

On November 23, 2018, Defendant filed a Motion to Strike the Special Sentencing Factor Alleged in Paragraph 9 of the Indictment, (ECF No. 1363). On December 6, 2018, the Government filed a Motion to Strike, (ECF No. 1372), Defendant's Motion, arguing that it was untimely filed. The following day, Judge Hoffman entered an Order, granting the Government's Motion to Strike, and instructing the clerk of court to strike Defendant's Motion, from the docket. (Order 1:23–26, ECF No. 1379). On December 12, 2018, Defendant filed the instant Objection.

# II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C.

§ 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

## III. DISCUSSION

Defendant objects to Judge Hoffman's Order arguing that a criminal defendant may assert, at any time, his Fifth Amendment right to stand trial only on the charges made by a grand jury. (Obj. 3:19–21, ECF No. 1401). Defendant further argues that "[b]y immediately granting the government's motion to strike, the magistrate judge did not give [Defendant] any time to respond to the government's claim that he lacked good cause for delaying the filing of the motion." (*Id.* 5:9–14).

In response, the Government argues that Defendant's underlying Motion to Strike, (ECF No. 1363), was untimely filed because it challenged the specificity of the charging document, and therefore should have been filed prior to the pretrial motions deadline. (Resp. 5:7–12, ECF No. 1420). The Government further asserts that Defendant failed to establish good cause to justify the untimely filing. (*See id.*).

Under Fed. R. Crim. P. 12(c)(3), a motion filed past the pretrial motions deadline is considered untimely; however, "a court may consider the defense, objection, or request if the

party shows good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3); *see also United States v. Loper*, 2016 WL 4718958, at *3 (D. Nev. Aug. 19, 2016). Here, Judge Hoffman granted the Government's Motion to Strike before the issue was fully briefed. Assuming without deciding that Defendant's underlying motion was untimely, the Court finds that Defendant should have been afforded an opportunity to respond and demonstrate good cause. The Court therefore remands this matter to Judge Hoffman so that he may rule on the Government's Motion to Strike, (ECF No. 1372), once it is fully briefed. To the extent that Defendant's Objection asks the Court to compel the Government to respond to Defendant's underlying Motion to Strike, (ECF No. 1363), Defendant's Objection is overruled.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection, (ECF No. 1401), is **SUSTAINED in part** and **OVERRULED in part**.

**IT IS FURTHER ORDERED** that Judge Hoffman's Order, (ECF No. 1379), is **VACATED**. This matter is remanded to Judge Hoffman with instructions to permit Defendant to file a response to the Government's Motion to Strike, (ECF No. 1372). Defendant shall have fourteen (14) days from the entry of this Order to file his response. The Government shall have seven (7) days thereafter to file a reply.

**DATED** this __18th__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court