# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| PASTOR PALAFOX, et al., | |
| Defendants. | |

Presently before the court is defendant Pastor Palafox's first brief regarding the scope of the government's *Brady/Giglio* disclosures (ECF No. 1623), filed on June 12, 2019.

This case arises from allegations that defendant Pastor Palafox and his twenty-two other codefendants conspired to participate in a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act. (Superseding Indictment (ECF No. 13).) On January 18, 2019, the court amended the scheduling order and designated June 29, 2019 as the deadline for the government to provide the defendants in trial group 1 with its *Brady* and *Giglio* disclosures. (Second Amended Scheduling Order (ECF No. 1453).) Palafox now moves for an order requiring the government to disclose information regarding alleged contacts between government informants and un-indicted individuals. Palafox files this brief "before he is prejudiced by the government's delay or failure to disclose the details about each . . . [contact]." (Brief (ECF No. 1623) at 2.)

It is the duty of the judiciary to "say what the law is." *See Marbury v. Madison*, 5 U.S. 137, 177 (1803). Under Article III of the Constitution, the court's exercise of judicial power is limited to "live cases or controversies." *See* U.S. Const. art. III, § 2; *see also Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018). The implicit policies of Article III prohibit the court's use of advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96 (1968). This rule is "the oldest and

most consistent thread in the federal law of justiciability[,]" predating the Supreme Court's holding in *Marbury v. Madison*. *See Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 821 (9th Cir. 2017) (quoting *Flast*, 392 U.S. at 96). "A justiciable controversy is definite, concrete, real, and substantial; it is subject to specific relief." *Campbell v. Wood*, 18 F. 3d 662, 680 (9th Cir. 1994).

Having reviewed Palafox's request, the court finds no live controversy. Palafox's brief does not allege that the government has not complied with its duty to disclose *Brady*/*Giglio* information, nor does the brief allege that the government does not intend to comply. Rather, Palafox requests a ruling on a potential dispute that may arise, if the government does not disclose information regarding contacts between government informants and alleged un-indicted individuals by June 29, 2019. The matter is not ripe for a judicial determination and the court declines to issue a ruling at this time. As such, Palafox's request is denied without prejudice.

IT IS THEREFORE ORDERED that defendant Palafox's first brief regarding the scope of the government's *Brady/Giglio* disclosures (ECF No. 1623) is DENIED without prejudice.

DATED: June 25, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE